IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JAN 21 PM 12: 43

CLERK

BY_____
DEPUTY CLERK

SUZANNE WELLS and WILLIAM WELLS, )
)
    Plaintiffs, )
)
vs. ) CASE NO. 2:22-cv-14
)
WALGREEN EASTERN CO., INC. d/b/a )
RITE AID #10319 (REGISTERED AGENT: ) JURY TRIAL DEMANDED
CORPORATION SERVICE COMPANY, )
100 NORTH MAIN STREET, SUITE 2, )
BARRE, VERMONT 05461), )
)
    Defendant. )

## PLAINTIFFS' COMPLAINT

1. Plaintiffs Suzanne Wells and her husband William Wells are residents of Milton, Vermont.

2. Defendant Walgreen Eastern Co., Inc. is an Illinois Corporation doing business in Vermont as Rite Aid #10319 at 321 Main Street in Winooski, Vermont (hereinafter, Defendant's Rite Aid store").

3. The amount in controversy exceeds the sum of $75,000.

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. 1332.

5. This Court has personal jurisdiction over Defendant because the Defendant's negligence caused injury to Plaintiff in the State of Vermont.

6. Venue in this Court is proper pursuant to 28 U.S.C. 1391(b) in that the events giving rise to this claim occurred within this judicial district, including the negligence of Defendant and the accident the negligence caused.

Downs
Rachlin
Martin PLLC

## Facts

7. On April 18, 2019 Plaintiff entered Defendant's Rite Aid store serving as a sales representative for Pro's Choice Beauty Care, Inc., which provided beauty care products to the store.

8. The door to Defendant's Rite Aid store is equipped with an automatic metal and glass swinging door, intended to open away from the person entering the store.

9. Before Plaintiff entered Defendant's Rite Aid store on April 18, 2019, the automatic door had opened toward incoming patrons instead of away from them, as it was supposed to. As Plaintiff entered, the door swung toward her, striking her with great force in the head and body.

10. Immediately following this incident employees at Defendant's Rite Aid store told Plaintiff that the automatic door had been malfunctioning in this manner on a regular basis, but had not been fixed.

11. Defendant's Rite Aid store is equipped with security cameras. Video tapes produced by Defendant show the door malfunctioning in this manner prior to Plaintiff's accident and also show the accident itself.

12. Defendant was on notice of the propensity of the automatic door to malfunction by opening toward incoming patrons instead of away, presenting a risk of serious injury, but failed to take reasonable steps to prevent this foreseeable harm and was therefore negligent.

13. Defendant's negligence proximately caused harm to Plaintiff, including serious and permanent harm to her body and brain, past and future medical expenses and life care expenses, past and future loss of earnings, past and future pain and suffering, past and future loss of enjoyment of life and permanent disability.

14. At the time of the accident, Plaintiff Suzanne Wells was married to Plaintiff William Wells and they continue to be married.

15. As a result of Defendant's negligent acts, as set forth above, William Wells has suffered, and will continue to suffer in the future, loss of consortium, society, affection and assistance.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendant for a reasonable sum of compensatory damages and for such other relief as the Court may deem just and proper under the circumstances.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all allegations, claims and causes of action asserted herein.

Dated at Burlington, Vermont this 21st day of January, 2022.

Respectfully submitted,

DOWNS RACHLIN MARTIN PLLC

Robert B. Luce
199 Main Street, P.O. Box 190
Burlington, VT 05402
T: 802-863-2375
F: 802-862-7512
bluce@drm.com

ATTORNEYS FOR PLAINTIFFS

21109782.1